IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. BLACKSTON and | ) | |
| BRADLEY BARBER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:99-cv-295-WHA |
| | ) | |
| STATE OF ALABAMA et al., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiffs' Motion for Injunctive Relief (Doc. #221), filed on September 5, 2007, which this court has construed as a Motion for a Preliminary Injunction.

In March of 1999, the Plaintiffs, James R. Blackston and Bradley Barber, filed a Verified Complaint bringing claims against the State of Alabama and various State officials.  This was the second lawsuit filed by the Plaintiffs in this court bringing claims based upon the State's setting of child support guidelines.  Both cases were resolved by settlement.  The first case resulted in a Settlement Agreement in 1995.  The parties also entered into a Settlement Agreement in the second case in December 2003.   This court entered an Order and Final Judgment in the instant case, attaching the 2003 Settlement Agreement, and ordered the parties to abide by all terms of the Settlement Agreement.

On August 14, 2007, the Plaintiffs filed a Motion to Enforce Order and Final Judgment and the 1995 and 2003 Settlement Agreements.  That motion was followed on September 5,

2007 by the Motion for Injunctive Relief currently before the court, wherein the Plaintiffs ask the court to enjoin the Defendants from conducting the child support guidelines committee meeting on September 21, 2007 (hereinafter referred to as "September 21 Committee meeting").

## II.  PRELIMINARY INJUNCTION STANDARD

To prevail on their request for injunctive relief, the Plaintiffs must demonstrate the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not issued; (3) threatened injury to the movant outweighs the potential damage that the proposed injunction may cause the defendants; and (4) the injunction will not be adverse to the public interest. *See All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir.1989) (citation omitted). The issuance of an injunction is an extraordinary remedy, and the moving party "bears the burden to clearly establish the four prerequisites." *Café 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir.1993).

## III.  DISCUSSION

In their request for a preliminary injunction, the Plaintiffs ask the court to delay the scheduled September 21 meeting of the committee which reviews the Alabama child support guidelines until the court has ruled on the Plaintiffs' Motion to Enforce Order and Final Judgment and the 1995 and 2003 Settlement Agreements ("Motion to Enforce").  In determining whether the Plaintiffs have adequately demonstrated the four prerequisites for a preliminary injunction of the meeting, the court begins with the issue of irreparable injury.  Because the pending motion is limited to the issue of whether the September 21 Committee meeting should be enjoined, at this time the court will only address whether irreparable injury will result if that meeting is held as scheduled, and will not address any of the broader harms alleged by the

Plaintiffs in their original Motion to Enforce.

The Plaintiffs' statement of their need for a preliminary injunction is that if the September 21 Committee meeting takes place, the Plaintiffs and the public will be frozen out of the child support guidelines review, and a new set of child support guidelines will become law without the public's input. The Plaintiffs further state that any new child support guidelines adopted as a result of the September 21 Committee meeting will be unconstitutional and require legal process to correct.

The Plaintiffs' basis for stating that the public will be excluded from the September 21 Committee meeting is that the published notice of the meeting states that the meeting will be held in a small classroom. Even assuming without deciding that exclusion of the public would be sufficient to establish irreparable harm to the Plaintiffs, the mere fact that the meeting is scheduled to be held in a room described as a small classroom does not establish that the public will be excluded.[1]

With respect to their own attendance at the September 21 Committee meeting, the Plaintiffs do not contend that the Defendants have precluded them from attending the meeting. The Plaintiffs state that they cannot attend the September 21 Committee meeting because attending the meeting will be a ratification of the Defendants' Settlement Agreement modifications. The Plaintiffs, however, point to no provision of the Settlement Agreement

---

[1] Although the court's analysis rests on the inadequacy of the Plaintiff's allegation to establish irreparable harm, the court notes that the Defendants have provided the court evidence that notice was sent which invited public attendance at the September 21 meeting, and that the meeting was originally scheduled to be held in a smaller room because the larger room had been reserved for another use, but that the larger room is now available. *See* Defendants' Exhibit 2, Declaration of Wayne Jones.

which requires committee meetings to be held in abeyance during litigation.  The Plaintiffs merely state that they cannot attend the meeting because to attend would undermine their position in this lawsuit.  This does not sufficiently establish irreparable harm.

The Plaintiffs' argument that legal process will be required to correct any child support guidelines adopted as a result of the September 21 Committee meeting also does not establish irreparable harm.  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir.1990) (citation omitted).  Therefore, the Plaintiffs have not demonstrated that irreparable harm will result if the court does not enjoin the committee from meeting until the court rules on the pending Motion to Enforce.

Because the Plaintiffs have failed to adequately establish irreparable harm, the court need not address whether the Plaintiffs have established any of the other prerequisites for injunctive relief.  *Id.* ("We need not address each element because we conclude that no showing of irreparable injury was made.").

### IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Injunctive Relief (Doc. #221) is DENIED.

Done this 17th day of September, 2007.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE