IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. BLACKSTON and BRADLEY BARBER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:99-cv-295-WHA |
| STATE OF ALABAMA et al., | ) ) | (WO) |
| Defendants. | ) ) | |

## **ORDER**

This cause is before the court on the Defendants' Motion to Stay Discovery (Doc. #237), filed on October 2, 2007.

In view of this court's Order setting the Plaintiff's pending Motion to Enforce for an evidentiary hearing, the Plaintiffs served the Defendants with a Notice to Produce certain documents. The Defendants characterize the Plaintiffs' Notice to Produce as grossly overbroad, and as requesting documents which are clearly privileged, irrelevant, not readily available, and otherwise not subject to discovery. The Defendants also argue that the Plaintiffs have unclean hands and that their Motion to Enforce can be resolved without additional discovery.

The court agrees that much of the Plaintiffs' Request to Produce appears to be overbroad, but does not agree that the Plaintiffs are not entitled to any discovery prior to the evidentiary hearing. Without objections to particular aspects of the Notice, however, it is difficult for the court to address the pending Motion to Stay in all respects. The court begins with the particular objections raised by the Defendants.

The Defendants have specifically pointed to Plaintiffs' discovery requests regarding a meeting of the Alabama Supreme Court with Chairman Bailey and Committee member Davis, a

notification of media outlets of Committee meetings, and data used by Dr. Venohr to prepare reports.

*Federal Rule of Civil Procedure* 26(b)(1) permits the discovery of any matter which is relevant to a claim or defense. The information sought need not be admissible at trial "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Fed. R. Civ. P.* 26(b)(1).

The Plaintiffs state that they need discovery with regard to the April 18, 2007 meeting between the Alabama Supreme Court and members of the Committee to respond to the Defendants' position that the meeting is irrelevant to the Motion to Enforce. The Plaintiffs' position is that Committee business was conducted at that meeting. The specific portion of the Plaintiffs' Notice to Produce requests a "full and complete copy of the transcription and/or minutes of the meeting on 18 April 2007" and all e-mails, faxes, or correspondence relating to that meeting. Doc. # 237-2 at ¶ 4. This information appears to be relevant to the Plaintiff's claim and reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Motion to Stay is due to be denied as to this request.

With respect to notification of media outlets, the Plaintiffs contend that the Defendants have relied upon statements by Wayne Jones to show that e-mails were provided to media outlets containing public service announcements which announced the September 21, 2007 meeting. The Plaintiffs state that they dispute the claim that specific media outlets were notified of Committee meetings as stated in the Second Declaration of Wayne Jones. The request in the Notice to Produce seeks a "full and complete copy of newspaper article and audio and video recording of the radio, TV and newspaper's version of the actual Public Service Announcement

that was printed or played on the radio, TV or newspaper media that was requested by Wayne Jones on September 4, 5 and 6, 2007, to include all failure to deliver emails, as detailed by defendants evidentiary submission." Doc. # 237-2 at ¶ 13.  The Motion to Stay is due to be denied as to this information as it appears to be relevant and reasonably calculated to lead to admissible evidence.

Finally, with respect to data relied on by Dr. Jane Venohr, the Plaintiffs contend that they are entitled to these documents because of a court order entered in a separate case, because withholding the information is a violation of their First Amendment rights, and because disclosure is required by federal regulation.

The issue before the court in resolving the Plaintiffs' pending Motion to Enforce is whether there has been a violation of the Settlement Agreement in this case, not whether there is a violation of any state or federal law or regulation separate from that Settlement Agreement. Only information relevant to a possible breach of the Settlement Agreement is information reasonably calculated to lead to the discovery of admissible evidence.  Therefore, the Motion to Stay is due to be GRANTED as to paragraph 16 of the Notice to Produce.

Upon review of the entirety of the Notice to Produce, it appears that the remainder of the Notice is overbroad or otherwise not relevant to the claim or  reasonably calculated to lead to the discovery of admissible evidence.  Any specific additional discovery which the Plaintiffs contend is necessary may be addressed at the evidentiary hearing, and the court may allow for additional discovery after the hearing, if there is good cause shown, before finally ruling on the Motion to Enforce.

Accordingly, it is hereby ORDERED that the Motion to Stay is DENIED as to paragraphs 4 and 13 of the Notice to Produce and is GRANTED in all other respects. Defendants are further Ordered to produce the items covered by paragraphs 4 and 13 to the Plaintiffs no later than October 17, 2007.

Done this 10th day of October, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE