IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES R. BLACKSTON and )
BRADLEY BARBER, )
 )
            Plaintiffs, )
 )
v. )                 Case No. 2:99-cv-295-WHA
 )
STATE OF ALABAMA, et al., )                       (wo)
 )
            Defendants. )

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## AND ORDER ON PENDING MOTIONS

### I. BACKGROUND

This cause is before the court on the Plaintiffs' Motion to Enforce Order and Final

Judgment and the 1995 and 2003 Settlement Agreements (Doc. #217) and the Defendants'

Motion for Clarification and Alternative Motion for Miscellaneous Relief (Doc. #252).

Congress enacted the Child Support Enforcement Amendments of 1984, P.L. 98-378, and

the Family Support Act of 1988, P.L. 100-485, which required states, as a condition of federal

funding, to establish guidelines for the ordering of child support awards. *See* 42 U.S.C. § 667.

In response to this federal legislation, the Alabama Supreme Court adopted Rule 32 of the

Alabama Rules of Judicial Administration.  Rule 32 provides that the Administrative Director of

Courts will at least once every four years review the child support guidelines and the schedule of

basic child support guidelines and advise the Alabama Supreme Court as to whether any changes

are required.

The Chief Justice of the Alabama Supreme Court then established the Alabama Supreme

Court Advisory Committee for Child Support Guidelines and Enforcement ("the Committee") to

study and make recommendations to the Court concerning the guidelines. The Alabama Supreme Court appoints the members of the Committee. The Committee's function is advisory only, subject to direction by the Court. It has no decision-making authority.

The Plaintiffs, James R. Blackston ("Blackston") and Bradley Barber ("Barber"), have filed three separate lawsuits in federal court bringing challenges to the Committee and its review of the Alabama child support guidelines. The first case, *Blackston v. State of Alabama*, 2:93cv623-TMH (M.D. Ala. 1993), was filed in April 1993, assigned to another judge of this court, and was resolved by settlement agreement in 1995 ("1995 Settlement Agreement"). Under the terms of that agreement Blackston, and Barber as alternate, were appointed to the Committee. In March of 1999, the Plaintiffs filed their second suit in this court by filing a Verified Complaint pro se, which was assigned to the undersigned judge. The parties resolved the second case by entering into a Settlement Agreement and Release on December 5, 2003 ("2003 Settlement Agreement"). On December 24, 2003, this court entered an Order and Final Judgment, attaching the 2003 Settlement Agreement (attached hereto as an exhibit), and ordered the parties to abide by all terms of the Agreement. One provision of the 2003 Settlement Agreement was that Blackston, and Barber as alternate, would be appointed to the Committee.

In April 2004, the Plaintiffs filed their third lawsuit pro se which was assigned to another judge of this court. Those claims were dismissed. The Plaintiffs appealed and the Eleventh Circuit Court of Appeals affirmed. *See Blackston v. State of Alabama*, Doc. ##56, 57, 2:04cv348-MHT (M.D. Ala. May 23, 2006), *aff'd*, Slip. op (11th Cir. July 20, 2006). In that suit, the Plaintiffs brought claims alleging that the defendants were in violation of the 2003 Settlement Agreement, which claims were dismissed without prejudice. The Plaintiffs also

brought challenges to the constitutionality of the child support guidelines which were dismissed on the basis of res judicata, because they were claims which could have been brought in the second suit, i.e., this case. *Id.* at Doc. #53, pages 21-25.

On August 14, 2007, the Plaintiffs filed the Motion to Enforce Order and Final Judgment and the 1995 and 2003 Settlement Agreements in the instant case. That motion was followed on September 5, 2007 by a Motion for Injunctive Relief that was denied by the court. Additionally, the Defendants have requested clarification that the Alabama Supreme Court is no longer obligated to appoint Blackston, or Barber as alternate, to the Committee.

An evidentiary hearing was held on the Motion to Enforce Order and Final Judgment and the 1995 and 2003 Settlement Agreements on October 30, 2007. Based on the record and briefs filed in support of and in opposition to the Motion and the Defendants' Motion for Clarification, and the testimony and documents presented at the evidentiary hearing, the court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court has jurisdiction to enforce the 2003 Settlement Agreement, having incorporated that agreement into a final order and having ordered the parties to comply with that agreement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994). To the extent, however, that the Plaintiffs have alleged a violation of the 1995 Settlement Agreement which concluded a separate case not assigned to the undersigned, or violation of an agreement made in open court in the third case, which was dismissed, the court concludes that it does not have jurisdiction to enforce the 1995 Settlement Agreement or any alleged oral agreement made in other cases. Accordingly, only the enforcement of the 2003 Settlement

Agreement in this case is before this court.

The 2003 Settlement Agreement provides in relevant part as follows:

2. James Blackston and Bradley Barber specifically agree as follows:
      * * *

    b. James Blackston and Bradley Barber agree to forever and fully release the State of Alabama . . . the Administrative Office of Courts, Richard Dorrough, Frank Gregory, Rich Hobson, and Bob Maddox from all liability and/or claims which have arisen or may arise from this litigation .
    . . .

3. Defendants Richard Dorrough, Frank Gregory, Rich Hobson, and Bob Maddox and the State of Alabama specifically agree as follows:

    b. James Blackston shall be appointed to serve as a representative of the National Congress for Fathers and Children, on the Alabama Supreme Court Advisory Committee for Child Support Guidelines and Enforcement. Bradley Barber shall serve as an alternate member of the Alabama Supreme Court Advisory Committee in the absence of James Blackston and has the ability to vote in his absence as his designee.

4. For purposes of the SETTLEMENT AGREEMENT AND RELEASE,

    a. The Defendants shall submit a request to the Alabama Supreme Court Advisory Committee on Child Support Guidelines and Enforcement to convene a new committee within three (3) months from September 25, 2003, or within the earliest practicable time, based on the expiration of the existing terms and/or vacancies of the current committee members.
      * * *

    c. The Defendants shall submit a request to the Alabama Supreme Court that the Advisory Committee on Child Support Guidelines and Enforcement convene an official meeting within six (6) months from September 25, 2003 or within the earliest practicable time. It is understood between the parties that the public may attend the meetings and submit written commentary to the Advisory Committee on Child Support Guidelines and Enforcement in accordance with the manner and/or method set by the Alabama Supreme Court.

5. No provision of this SETTLEMENT AGREEMENT AND RELEASE shall be construed to restrict, limit and/or delineate the authority of the Alabama Supreme Court to take any action regarding the Advisory Committee on Child Support Guidelines and Enforcement.

Doc. #210.

While various claims for breach of the 2003 Settlement Agreement were asserted in the Plaintiffs' Motion to Enforce, at the evidentiary hearing, the Plaintiffs clarified that they are only alleging that there were breaches of three provisions of the 2003 Settlement Agreement: paragraphs 4c, 3b, and 4a; namely, as to 4c, that the public has not been invited or allowed to attend Committee meetings or to submit written comments; as to 3b, that Blackston, and Barber as alternate, should be re-appointed as members of the Committee; and, as to 4a, that the Defendants did not begin the Committee process in a timely fashion as provided for in the 2003 Settlement Agreement.

Paragraph 4c

The Plaintiffs' primary argument with respect to paragraph 4c regarding participation of the public is that the Defendants did not provide for notice of public meetings by use of public service announcements.

The court finds that the 2003 Settlement Agreement does not require notice of any meetings open to the public, much less specify that any particular type of advertising of the public meetings is required. The 2003 Settlement Agreement only provides that the public may attend and submit written commentary in accordance with the manner and/or method set by the Alabama Supreme Court. Therefore, although the court credits the testimony of various witnesses called by the Plaintiffs that they were not informed of Committee meetings by public service announcements, the court does not conclude that the absence of such notice constitutes a breach of the Settlement Agreement.

The court finds from the credible testimony of Wayne Jones ("Jones"), Alabama Supreme Court Staff Attorney, and from documentary evidence, that public attendance was allowed at

5

various Committee meetings, that members of the public attended, and that written comments were accepted, so that there is no breach of the 2003 Settlement Agreement on that basis.

Even if notice had been required under the 2003 Settlement Agreement, however, the court credits the testimony of Defendant Bob Maddox, legal adviser for the Family Court Division of the Alabama Administrative Office of Courts, that the Defendants have undertaken to inform the public about Committee meetings through e-mail announcements to media outlets and postings on the Administrative Office of Courts website. Therefore, there is no breach of the 2003 Settlement Agreement even under an interpretation of the agreement that notice was required. The court further finds that the Plaintiffs themselves had notice of all meetings of the Committee.

The court notes that apparently there is no dispute that the public was not notified of, or allowed to attend, an April 18, 2007 meeting. The Plaintiffs have characterized this meeting as a meeting of the Committee to which the public, and they, should have had access, but the Defendants have presented testimony which undermines that characterization. Jones, who attended the April 18, 2007 meeting, testified that the Alabama Supreme Court met in private conference and called two Committee members, Chairman Gordon Bailey ("Bailey") and Penny Davis ("Davis") to meet with the Court. Jones testified that the session was not a Committee meeting. Bailey and Davis, the only Committee members who attended the meeting, testified at the evidentiary hearing held in this case that the Alabama Supreme Court requested their presence, asked questions during the meeting about previous recommendations made to it by the Committee, and that it was not a Committee meeting. At that time the Court accepted four of the seven recommendations which the Committee had made, rejected the other three, and asked the

Committee Chairman to have the Committee reconsider those three. The court credits the testimony of Jones, Davis, and Bailey and finds that the April 18, 2007 Court session was not governed by the 2003 Settlement Agreement.

The Plaintiffs also submitted evidence of an e-mail from Bailey in which he refers to a meeting on August 22, 2007. *See* Plaintiffs' Exhibit 3. The Plaintiffs did not receive notice of this meeting. The Plaintiffs contend that this was a Committee meeting governed by the 2003 Settlement Agreement. The court finds credible testimony by Jones and Bailey that the August 22, 2007 meeting was not a meeting of the Committee, but was a meeting of an entirely different group, chaired by someone else, which Bailey also attended. This group did not discuss child support, but visitation. As it was not a meeting of the child support Committee, it was not governed by the 2003 Settlement Agreement.

Paragraph 4a

The Plaintiffs have also argued that paragraph 4a of the 2003 Settlement Agreement was violated because the Committee did not meet in a timely fashion. According to the Plaintiffs' interpretation, the Committee both had to be named and meet within three months of September 25, 2003. The Defendants have argued that the only reasonable reading of the 2003 Settlement Agreement is that the Defendants were required to ask the Alabama Supreme Court to appoint a new Committee within three months of September 25, 2003, or the earliest practicable time, as set out in paragraph 4a, and to ask that the first meeting of the Committee be held within six months of September 25, 2003, or the earliest practicable time, as set out in paragraph 4c.

While the parties have cited Alabama law on the interpretation of ambiguous contracts, the court finds that those rules of construction are not necessary to decide this issue because

there is no ambiguity in the 2003 Settlement Agreement.  On the face of paragraphs 4a and 4c, the Defendants were to ask the Alabama Supreme Court that a new Committee be convened, within three months of September 25, 2003, or the earliest practicable time, and that the Alabama Supreme Court convene a Committee meeting within six months of September 25, 2003, or the earliest practicable time.  In other words, the Committee was to be named within three months, and meet within six months, of September 25, 2003, or the earliest practicable time. The court finds from the record evidence and testimony presented that a new Committee was named within three months of September 25, 2003, Defendants' Exhibits 8, 9, and that the Committee met on March 11, 2004, which was within six months of September 25, 2003.

Even under the interpretation of  paragraph 4a urged by the Plaintiffs, however, there is no evidence before the court that the first Committee meeting after the 2003 Settlement Agreement was not at the earliest practicable time.  Therefore, there is no breach of the 2003 Settlement Agreement on the basis of the timing of the first Committee meeting.

Paragraph 3b

Finally, the Plaintiffs argue that the failure to re-appoint them to the Committee after the expiration of their terms in September of this year is a breach of paragraph 3b of the 2003 Settlement Agreement.  The Defendants seek by separate motion to clarify whether the Plaintiffs must be re-appointed to the Committee under the terms of the 2003 Settlement Agreement.

Following the December, 2003 Settlement Agreement and Order of this court, the Alabama Supreme Court appointed the Committee, including Blackston, and Barber as alternate, by orders dated December 23, 2003 and December 30, 2003.  Defendants' Exhibits 8, 9.   The appointment orders stated that the terms of all members would expire on September 30, 2007.

8

Those appointment orders were consistent with the 2003 Settlement Agreement, which acknowledged in paragraph 4a, as set out above, that Committee members are appointed to terms of service. According to the testimony and documentary evidence submitted to the court, Committee members generally have been appointed to serve three-year terms, and then required to be re-appointed by the Alabama Supreme Court, *see* Defendants' Exhibit 58, and the court so finds. Under the orders of the Alabama Supreme Court, therefore, Blackston's and Barber's appointments to the Committee expired on September 30, 2007, just as did the appointments of all other members.

Although the Plaintiffs interpret the 2003 Settlement Agreement to require the Alabama Supreme Court to re-appoint Blackston, and Barber as alternate, as members of the Committee, after the expiration of the terms of all members, including them, under the 2003 appointment orders, the language of the 2003 Settlement Agreement does not so require. The 2003 Settlement Agreement merely states that Blackston shall be appointed. It does not state that he must be re-appointed at the end of his term and there is nothing in the Settlement Agreement which prohibits the Alabama Supreme Court from exercising its discretion not to re-appoint a Committee member. To the contrary, the 2003 Settlement Agreement states that it does not limit the authority of the Alabama Supreme Court "to take any action regarding the Advisory Committee on Child Support Guidelines and Enforcement." Doc. #210 at ¶ 5. Neither was any evidence presented that the term of appointment of Blackston was any shorter than usual customary terms.[1]   Therefore, the court finds no basis  in the 2003 Settlement Agreement for

---

[1] Although the Plaintiffs introduced into evidence an e-mail from Gordon Bailey referring to an appointment of Julie Palmer as a "permanent member" of the Committee, there is no evidence before the court that Julie Palmer was made a Committee member for the duration of

implying a term of membership for Blackston and Barber on the Committee for an indefinite period.

Even under the interpretation of 3b as urged by the Plaintiffs, however, the court concludes that the Defendants have sufficiently demonstrated that they would be entitled to relief from any provision allegedly requiring re-appointment of Blackston and Barber to the Committee forever, regardless of their actions, because Blackston and Barber have not abided by the terms of the Settlement Agreement.

By the express language of the 2003 Settlement Agreement, the Plaintiffs were to be appointed to the Committee and were to release the Defendants from any claims arising from this case. The Plaintiffs accepted their appointments to the Committee in December, 2003, but then attended only two days of meetings, on March 11 and 12, 2004. Thereafter, on April 14, 2004, they filed their third lawsuit. They received notice of a meeting on April 22, 2005, but did not attend; March 31, 2006, but did not attend; and June 30, 2006, but did not attend. They testified at the evidentiary hearing that they did not attend these meetings because their attendance would have prejudiced them in their third lawsuit. It was at the June 30, 2006 meeting, which the Plaintiffs refused to attend, that the Committee adopted recommendations for the Alabama Supreme Court. On July 20, 2006, the Eleventh Circuit issued as mandate its judgment affirming the district court's dismissal of the third suit, including the dismissal of claims on the

---

the Committee. Significantly, even accepting Blackston's interpretation of this evidence as establishing that the Alabama Supreme Court could appoint a permanent member of the Committee, it does not alter the fact that the Settlement Agreement does not expressly require continued re-appointment of Blackston, and Barber as alternate, and that the Settlement Agreement expressly states that it does not constrain the Alabama Supreme Court's authority to take action with regard to the Committee.

basis of res judicata.  The Plaintiffs then filed their motion under consideration in this case on

August 14, 2007.  They received notice of a meeting of the Committee to be held on September

21, 2007, but again refused to attend, testifying that they did not attend the meeting because they

did not want to prejudice their position in this court case.  Several members of the public, but not

the Plaintiffs, attended that meeting and some made statements to the Committee.  At this

meeting the Committee considered the matters which the Alabama Supreme Court had asked the

Chairman to have addressed after the Court's April 18 meeting.

The Plaintiffs have opted to continue to pursue litigation, including claims challenging

the constitutionality of the child support guidelines, in violation of the 2003 Settlement

Agreement provision releasing the Defendants from any claims that may ave arise in this case,

rather than to attend Committee meetings and function as members in an effort to have some

effect on recommended guidelines.  The court concludes, therefore, that even if the 2003

Settlement Agreement could be construed to constrain the authority of the Alabama Supreme

Court and to require re-appointment of the Plaintiffs to terms for the life of the Committee, the

Defendants would be entitled to equitable relief from that requirement.

### III. CONCLUSION AND ORDER

The court finds as a fact that the Defendants have not breached the terms of the 2003

Settlement Agreement and that the Plaintiffs' terms as member and alternate member of the

Alabama Supreme Court Advisory Committee for Child Support Guidelines and Enforcement

expired on September 30, 2007.  The court further finds that the Supreme Court of Alabama is

not required to re-appoint the Plaintiffs to the Committee, and that this case is due to be finally

closed.  Accordingly, it is hereby ORDERED as follows:

1.  The Motion to Enforce Order and Final Judgment and the 1995 and 2003 Settlement Agreements (Doc. #217) is DENIED.

2.  The Defendants' Motion for Clarification and Alternative Motion for Miscellaneous Relief (Doc. #252) is GRANTED.

3.  The Motion for Contempt and Compel (Doc. #240) is DENIED as moot, the parties having resolved the discovery dispute.

4.  The obligations under the 2003 Settlement Agreement entered into in this case having now been concluded, the court will retain no further jurisdiction and this case is DISMISSED.

A separate Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.[2]

Done this 5th day of November, 2007.


W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Defendants orally moved for judgment as a matter of law in open court on October 30, 2007. In view of the above findings of fact and conclusions of law, that motion is DENIED as moot.

RECEIVED

2003 DEC 23  P  4: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

FILED

DEC 2 3 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

William Walton
Bradley W. Barber

    Plaintiffs,

v.

State of Alabama, et. al.

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.: 99-A-295-N

## SETTLEMENT AGREEMENT AND RELEASE

  **WHEREAS,** the parties to this agreement have been in controversy; and the parties have negotiated and agreed upon a resolution of all their differences, they freely and voluntarily enter into the SETTLEMENT AGREEMENT AND RELEASE set forth herein.

  **WHEREAS,** all parties recognize that it is in the best interest of the parties to end this proceeding, including but not limited to any appellate litigation and collateral litigation which could be initiated; and that the inducement for entering into this agreement is to fully settle and compromise disputed claims in this action and to avoid the expenses and uncertainties further litigation of this proceeding would necessarily entail.

  **WHEREAS,** nothing contained in this SETTLEMENT AGREEMENT AND RELEASE is intended or is to be construed as any admission of liability or that any or all of the Plaintiffs' claims or corresponding prayers for relief are meritorious; and

210

**IN CONSIDERATION** of the mutual promises herein made, the parties to the above-styled cause agree to total settlement and satisfaction of all claims for equitable, declaratory, or monetary relief, and damages they may have against one another, including all claims for costs or other expenses or liabilities incurred by any party to this proceeding, are hereby **DISMISSED WITH PREJUDICE,** pursuant to Rule 41(a)(2), *Federal Rules of Civil Procedure.*   It is stipulated and agreed by and between the parties that:

1.    The parties understand and agree that this SETTLEMENT AGREEMENT AND RELEASE is for the mutual benefit of the Plaintiffs and the Defendants named herein, in total satisfaction of all claims, rights of recovery, entitlements, causes of action, actions, or damages, including the right of appeal and any and all costs claimed of or against any party arising in any way from this litigation.

2.    James Blackston and Bradley Barber specifically agree as follows:

   a.   The above-styled cause of action is dismissed with prejudice.   The Plaintiffs further understand and agree that they will not appeal from the dismissal of this lawsuit, or from any ruling, order, or decision in this case relating to any issue or subject.

   b.   James Blackston and Bradley Barber agree to forever and fully release the State of Alabama, and all its agencies, entities, officials, employees, successors and agents of the State of Alabama, including but not limited to the Administrative Office of Courts, Richard Dorrough, Frank Gregory, Rich Hobson and Bob Maddox, from all liability and/or claims which have arisen

or may arise from this litigation including all claims of damages, equitable, declaratory and injunctive relief, costs, and other expenses incident to this litigation which the parties may have at law or in equity, or may have hereinafter, whether known or unknown as a result of, or pertaining or related in any way to, any transaction, communication, occurrence, non-occurrence, act or failure to act, loss, damage, or any other event or events occurring or related in any manner whatsoever to the allegations set forth in this lawsuit which forms the basis of this settlement.

c.  James Blackston and Bradley Barber do hereby for themselves, their executors, administrators, heirs and for all those claiming for them, or on their behalf, forever and fully release, acquit, and discharge the Defendants Richard Dorrough, Frank Gregory, Rich Hobson and Bob Maddox, and the State of Alabama and its officers and employees, and any and all related, affiliated, predecessor, and successors of the entities, collectively and separately and severally in their official capacities and in their individual capacities, from any and all liability, claims, allegations, causes of action, losses, compensatory damages, punitive damages, loss of income, all compensation whatsoever, claims for mental anguish, claims for loss of reputation, all claims which were raised or could have been raised in the above-styled lawsuit, and from all other claims, actions or causes of action of every kind and nature arising out of, or in any way related to, any of the matters alleged, or which could have been alleged, in the above-styled lawsuit, or arising out of, or in any way related to, any past dealings, communications or contact of any kind or nature

3

between the Plaintiffs and any of those hereby released. This release is all encompassing and its generality is not limited by the designation of specific claims and causes of action which are only partial subjects of this settlement.

3. Defendants Richard Dorrough, Frank Gregory, Rich Hobson and Bob Maddox and the State of Alabama specifically agree as follows:

   a. In consideration for the Plaintiffs' dismissal of this lawsuit and the release and discharge, the Defendants agree to pay the total sum of $8,912.00 (eight thousand nine hundred and twelve dollars), made payable by check in the amount of $4,612 to James Blackston and in the amount of $4,300 to Bradley Barber within sixty (60) days from the date of this Settlement Agreement. The Plaintiffs understand that the total monetary amount of $8,912.00 encompasses the complete settlement amount for any and all claims that arise and may arise from this litigation.

   b. James Blackston shall be appointed to serve as a representative of the National Congress for Fathers and Children, on the Alabama Supreme Court Advisory Committee for Child Support Guidelines and Enforcement. Bradley Barber shall serve as an alternate member of the Alabama Supreme Court Advisory Committee for Child Support Guidelines and Enforcement in the absence of James Blackston and has the ability to vote in his absence as his designee.

4

4.    For the purposes of the SETTLEMENT AGREEMENT AND RELEASE,

    a. The Defendants shall submit a request to the Alabama Supreme Court Advisory Committee on Child Support Guidelines and Enforcement to convene a new committee within three (3) months from September 25, 2003, or within the earliest practicable time, based on the expiration of the existing terms and/or vacancies of the current committee members.

    b. The Defendants shall submit a request to the Alabama Supreme Court that the Administrative Office of Courts will contract with Policy Studies Inc. or some comparable entity, to provide an update of the child support schedule dated January 27, 1999, and submit the information to the Advisory Committee on Child Support Guidelines and Enforcement within four (4) months from September 25, 2003 or within the earliest practicable time.

    c. The Defendants shall submit a request to the Alabama Supreme Court that the Advisory Committee on Child Support Guidelines and Enforcement convene an official meeting within six (6) months from September 25, 2003, or within the earliest practicable time.  It is understood between the parties that the public may attend the meetings and submit written commentary to the Advisory Committee on Child Support Guidelines and Enforcement in accordance with the manner and/or method set by the Alabama Supreme Court.

5.    No provision of this SETTLEMENT AGREEMENT AND RELEASE shall be construed to restrict, limit and/or delineate the authority of the Alabama Supreme Court to take any action regarding the Advisory Committee on Child Support Guidelines and Enforcement.

6.    No provision of this SETTLEMENT AGREEMENT AND RELEASE shall be construed to contravene, alter, and/or supercede the authority of any law, rule and/or regulation of any department or agency of the State of Alabama.

7.    The parties understand and agree that the SETTLEMENT AGREEMENT AND RELEASE shall not be construed as an admission of liability, fault, wrongdoing, or a recognition or admission of the validity of any claim, cause of action or defense asserted by the parties herein.

8.    The parties understand and agree that each party is to bear his or her own costs and attorney's fees in this litigation and that no party shall be liable for a payment of costs or attorney's fees to any other party.

9.    The parties further warrant and represent that they, each and all of them have not heretofore assigned, transferred or hypothecated to any person, corporation, partnership, or any other entity or party all of any portion of any claim whatsoever that any party may now have, had at any time, or may have in the future against any other party, all of which claims are hereby fully discharged, settled, released and forever extinguished.

10.   This SETTLEMENT AGREEMENT AND RELEASE represents the entire understanding of the parties and it is agreed that there are no representations, warranties, convenants or understandings other than those expressed herein.  The

parties further agree that this SETTLEMENT AGREEMENT AND RELEASE is enforceable as a contract. A violation of the agreement may be used as grounds for a breach of contract suit in Federal or state court.

11.  The parties further agree that this SETTLEMENT AGREEMENT AND RELEASE does not alter or supercede the Release and Settlement Agreement entered into on December 15, 1995, in the case of *Blackston, Barber v. State of Alabama et. al.,* Civil Action No. 93-H-623-N, Middle District of Alabama, Northern Division.

12.  The parties have read and fully understand the terms, provisions, contents and the effects of the SETTLEMENT AGREEMENT AND RELEASE. The parties accept each and all of the terms, provisions, and conditions of the SETTLEMENT AGREEMENT AND RELEASE and do so voluntarily and for the purpose of making a full and final compromise settlement of any and all claims.


_James Blackston_                          _November 24, 2003_
JAMES BLACKSTON                            DATE
Plaintiff, pro se

_Bradley Barber_                           _November 24, 2003_
BRADLEY BARBER                             DATE
Plaintiff, pro se

_LaVette Lyas-Brown_                       _December 5, 2003_
LaVette Lyas-Brown (LYA 001)               DATE
Assistant Attorney General
Attorney for Defendants Richard Dorrough,
in his individual and official capacity as Chairman, Supreme
Court Advisory Committee on Child Support Guidelines and Enforcement;
Frank Gregory in his individual and official capacity as Former Administrative
Director of Courts; Rich Hobson, in his individual and official capacity as
Administrative Director of Courts and Bob Maddox, in his individual and official
capacity as Legal Liaison, Supreme Court Advisory Committee on Child
Support Guidelines and Enforcement